UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC ESSHAKI, as candidate for United States Congress
and in his individual capacity,

    Plaintiff,

No. 2:20-cv-10831
HON. TERRENCE G. BERG
MAG. ELIZABETH A. STAFFORD

v

GRETCHEN WHITMER, Governor of Michigan,
JOCELYN BENSON, Secretary of state of Michigan,
and JONATHAN BRATER, Director of the
Michigan Bureau of Elections, in their official capacities,

    Defendants.

and

KYLE KENLEY KOPITKE,

              Pro Se  Intervenor,

vs.

GRETCHEN WHITMER, Governor of Michigan,
JOCELYN BENSON, Secretary of state of Michigan,
and JONATHAN BRATER, Director of the
Michigan Bureau of Elections, in their official capacities,

Gregory J. Rohl (P39185) Attorney for Plaintiff 41850 W. Eleven Mile Road, Suite 110 Novi, Michigan 48375 248.380.5362

Heather S. Meingast (P55439) Assistant Attorneys General Attorneys for Defendants PO Box 30736 Lansing, Michigan 48909 517.335.7659 /

Kyle Kenley Kopitke, Pro Se 1506 N. Grand Traverse, Flint, MI 48503

# INTERVENOR'S COMPLAINT FOR EMERGENCY DECLARATORY AND INJUNCTIVE RELIEF

**Nature of the Case**

1.	This is an action to declare unconstitutional, enjoin and/or modify Michigan's in-person signature collection and witnessing requirements for independent and third-party candidates in Michigan seeking to qualify for the November 3, 2020 general election in light of the current public health emergency caused by the pandemic, COVID-19 and the Governor's emergency orders effectively shutting down the State.

## Signature Requirements for Candidates

2. The State of Michigan requires 30,000 valid signatures for an Independent Presidential candidate to be placed on the November 3, 2020 general election ballot.  On December 22, 2019, U.S.  District Court Judge Victoria A.  Roberts struck down that 30,000 valid signature requirement and replaced it with a 12,000 valid signature amount, until the Michigan State Legislature creates a different amount.  Her order does not specifically address requirements for Independent Presidential candidates.  *Graveline v Benson*, e.d.,2:18cv-12354.

## PARTIES

3.	Intervenor Kyle Kenley Kopitke, native of Illinois and has lived in Flint, Michigan for over the last ten years.  Kopitke is an independent candidate seeking election at the November 3, 2020 election to the office of President of the United States of America. Kopitke served in the United States Army during the Cold War, his father Raymond served in the United States Marine Corps during World War II; his mother Dorothy served as a cadet Nurse during World War II;

his grandfather Frederick Rieman served in the United States Army during World War I. Kopitke served in the United States Peace Corps and performed diplomatic work therein. Kopitke donated a kidney to his brother in 1976. Kopitke served as President of Citizens Against the Burn, which successfully stopped the first time burning of contaminated cyanide chips on American soil. Kopitke holds a Doctorate in Public Administration and an MBA. He has qualified for the ballot as a candidate for President in the State of Colorado, and has an appeal pending in the U.S. Court of Appeals for the Fourth Circuit (Kopitke v. Bell, 19-2355) challenging North Carolina's March petition deadline and 70.000 signature requirement for independent statewide candidates. (Oral argument tentatively set for week of May 5th), as well as an Intervneor pleading in Case No. 1: 20-cv-02112 in Illinois regarding ballot access signature protocols due to the pandemic.

4. Intervenor-Defendants (hereinafter: "Defendants"), GRETCHEN WHITMER, Governor of Michigan,
JOCELYN BENSON, Secretary of state of Michigan, and JONATHAN BRATER, Director of the Michigan Bureau of Elections, in their official capacities.

5. At all times relevant to this action, Defendants were engaged in state action under color of state law.

6. Defendants are being sued in their official capacities for declaratory and injunctive relief under

42 U.S.C. § 1983 and 28 U.S.C. § 2201, as well as costs and attorney's fees under 42 U.S.C. § 1988(b).

## JURISDICTION

7. Jurisdiction in this case is predicated on 28 U.S.C. § 1331, this being a case arising under the Constitution of the United States and 42 U.S.C. § 1983.

## VENUE

8. Venue is proper in this District under 28 U.S.C. 1391(b) because a substantial part of the events giving rise to Plaintiffs' claims occurred in the Eastern District of Michigan.

## FACTS

9. Intervenor realleges the items in the Plaintiffs' Complaint are valid.

### Impossibility of Circulation by Intervenor

10. As of 4:20 PM, April 14, 2020, over 1,000 citizens of Michigan have died during the pandemic.

11.     The Governor has issued a rule that residents cannot go into other homes or residences, and must stay inside unless work in certain critical fields.  This makes petition signature gathering impossible.

12.  The CDC has stated that the virus has been found active as far as 13 feet from infected persons, making the "6 foot distance" guideline lacking.

13.  Researchers in China found that the virus is spread also on shoes as it is tracked into other locations.

14.  Any attempt to collect signatures is a danger to the lives of the petition circulators, the voters being asked to sign petitions, the candidates, the Election Officials that have to check the signatures, and the medical staff that will have to treat the newly infected caused by the process of collecting signatures.  There is a real danger that the petition circulators bring the virus home from them and may infect their family members.

15.  The virus has been found to be active spreading in the air, as well as on plastic and cardboard (paper products) and metal from 2 days to 5 days (different studies show different amounts).  The virus could be active on pens and signature sheets.

16.  Again, the Governor has ruled people should stay in their home to stop the spread of the virus.

**Injury-in-Fact Caused Intervenor**

17. Michigan, together with the COVID-19 outbreak and the Governor's orders, directly cause injury-in-fact to Intervenor and his First and Fourteenth Amendment rights.

18. Intervnor's injuries are fairly traceable to the Michigan laws requiring in person signature collection for candidates.

19. This Court has the power to properly redress Intervenor's injuries by issuing prospective injunctive and declaratory relief prohibiting enforcement of Michigan's signature requirements for candidates for office for the November 3, 2020 general election.

20. This Court may properly redress Intervenor's injuries by directing Defendants to accept for the November 3, 2020 general ballot the nominating papers of Intervenor, Kyle Kenley Kopitke.

**FIRST CAUSE OF ACTION**

**FIRST AMENDMENT**

21. All previous paragraphs and allegations are incorporated herein.

22. Under present circumstances, Illinois's ballot-access requirements for independent candidates and new party candidates for President of the United States violate rights guaranteed to Intervnor by the First and Fourteenth Amendments to the United States Constitution, as enforced through 42 U.S.C. § 1983.

23. A real and actual controversy exists between the parties.

24. Intervenor has no adequate remedy at law other than this action for declaratory and equitable relief.

25. Intervenor is suffering irreparable harm as a result of the violations complained of herein, and that harm will continue unless declared unlawful and enjoined by this Court.

## SECOND CAUSE OF ACTION

### FOURTEENTH AMENDMENT EQUAL PROTECTION CLAUSE

26. All previous paragraphs and allegations are incorporated herein.

27. Under present circumstances, Illinois's ballot-access requirements for independent candidates for President of the United States violate rights guaranteed to Intervenor by the Equal Protection Clause of the Fourteenth Amendments to the United States Constitution, as enforced through 42 U.S.C. § 1983.

28. A real and actual controversy exists between the parties.

29. Intervenor has no adequate remedy at law other than this action for declaratory and equitable relief.

30. Intervenor is suffering irreparable harm as a result of the violations complained of herein, and that harm will continue unless declared unlawful and enjoined by this Court.

### DEMAND FOR RELIEF

**WHEREFORE**, the Intervenor respectfully prays that this Court:

(1) Assume original jurisdiction over this case;

(2)  Issue a temporary restraining order and/or preliminary injunction (i) prohibiting enforcement of Michigan's supporting signature requirements for candidates for office for Michigan's November 3, 2020 general election; (ii) directing Defendants to accept Intervenor Kyle Kenley Kopitke's nominating papers for the November 3, 2020 general election without requiring supporting signatures from voters; and (iii) directing Defendants to place Intervenor Kopitke's name on the Michigan November 3, 2020 general election ballot.

(3)  Issue a declaratory judgment stating that, in light of the current public health emergency caused by COVID-19 and executive orders requiring that Michigan citizens stay at home and shelter in place, Michigan's supporting signature requirements for independent candidates for office cannot be constitutionally enforced under the First and Fourteenth Amendments, that Defendants must accordingly accept Intervenor Kopitke's nominating papers for the November 3, 2020 general election ballot without requiring supporting signatures from voters, and that Defendants must accordingly place Intervenor Kopitke's name on the Michigan November 3, 2020 general election ballot.

(4)  Issue a permanent injunction (i) prohibiting enforcement of Michigan's supporting signature requirements for candidates for office for Michigan's November 3, 2020 general election; (ii) directing Defendants to accept Intervenor Kopitke's nominating papers for the November 3, 2020 general election without requiring supporting signatures from voters; and (iii) directing Defendants to place Intervenor Kopitke's name on the Michigan November 3, 2020 general election ballot.

(5)  Order Defendants to pay to Intervenor's costs and a reasonable attorney's fees under 42 U.S.C. § 1988(b); and

(6)     Retain jurisdiction over this matter and order Defendants to provide to Intervenor any additional relief the Court deems just.

### APOLOGY TO THE COURT AND VARIOUS COUNSELS

I apologize to the court and counsels for mistakes in formatting and other such errors; requesting some latitude often given to Pro Se filings.

                Respectfully submitted,

                */s/ Kyle Kenley Kopitke*
                Pro Se

Kyle Kenley Kopitke
1506 N. Grand Traverse
Flint, MI 48503
810-424-0772

*CERTIFICATE OF SERVICE begins on the next page*

CERTIFICATE OF SERVICE

This will certify service of the foregoing instrument was emailed to the Clerk of Court for Justice Berg on April 14, 2020. A copy will be emailed to:

Heather S. Meingast (P55439) Assistant Attorneys General Attorneys for Defendants PO Box 30736 Lansing, Michigan 48909 517.335.7659 Email: meingasth@michigan.gov

Gregory J. Rohl (P39185) Attorney for Plaintiff 41850 W. Eleven Mile Road, Suite 110 Novi, Michigan 48375 248.380.5362 (I am looking for his email address).

## VERIFICATION OF INTERVENOR
(pursuant to 28 U.S.C. Sec. 1746)

I, Kyle Kenley Kopitke, verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 14, 2020

s/Kyle Kenley Kopitke
Kyle Kenley Kopitke
Intervenor