# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ERIC ESSHAKI., as candidate for
United States Congress and in his
individual capacity,

      Plaintiff,

v.

GRETCHEN WHITMER, Governor of
Michigan, JOCELYN BENSON,
Secretary of State of Michigan, and
JONATHAN BRATER, Director of the
Michigan Bureau of Elections, in their
official capacities,

      Defendants,

v.

MATT SAVICH,

      Intervenor.

Case No. 2:20-cv-10831-TGB-EAS

Hon. Terrence G. Berg

Mag. Judge Elizabeth A. Stafford

---

## THE MICHIGAN REPUBLICAN PARTY'S
## MOTION FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF

The Michigan Republican Party respectfully seeks leave to file *an amicus curiae* brief. In support of its Motion, the Michigan Republican Party states as follows:

1

1. The classic role of an *amicus curiae* is to assist in a case of general public interest, supplement the efforts of counsel, and draw the court's attention to law or policy that may otherwise escape consideration. The proposed *amicus curiae* offers a perspective different from the principal parties that is generally relevant to the disposition of the instant matter, and specifically relevant to the relief and accommodations proposed by Defendants.

2. As a major political party under the laws of the State of Michigan that that actively and extensively participates in campaigns and elections, the Michigan Republican Party has a clear and substantial interest in the administration of primary and general elections. The accommodations proposed by Defendants will directly affect the Republican primary elections by opening the door for fraudulent activity and possibly undermining the legitimacy of an election.

3. This case raises important issues surrounding ballot access in the midst of the COVID-19 pandemic, and, specifically, how best to address the issues before the Court while remaining faithful to the otherwise well-settled rules and laws governing ballot access. Additionally, the accommodations to be adopted in this case may well affect the outcome of the State of Michigan's elections, clearly making this matter a case of general public interest.

4. Some accommodations proposed by Defendants rewrite long-standing statutes and rules regulating ballot access in the State of Michigan. The proposed

accommodations amount to a unilateral rewrite of Michigan's ballot access laws, despite the fact that the supplanted laws were the product of the political process—that is, those laws were enacted by the legislature and executive *together*, and in accordance with the Michigan Constitution—whereas the proposed accommodations originate from Defendants, all of whom are members of the executive branch, and with no input whatsoever from the legislature.

5. A unilateral rewrite of ballot access laws through the guise of accommodations in a federal court case are not only inconsistent with Michigan's Constitution, but also completely unnecessary given that the accommodations in question were not even requested by Plaintiff.

6. Given its expertise and history working with candidates, parties, and issues pertaining to the gathering of signatures to secure ballot access, the Michigan Republican Party submits that its appearance as *amicus curiae* will be of assistance to the Court.

7. Moreover, and in the interest of judicial economy, the brief submitted by the proposed *amicus curiae* does not duplicate arguments previously submitted to this Court. Rather, the Michigan Republican Party writes to express its deep concern with the Defendants' proposed accommodation to create from whole cloth, and under a severe time constraint, an electronic signature option for nominating petitions. This accommodation requires the State to undertake a brand new policy,

never before done in Michigan, without any basis in Michigan law or election rules, and with no time to iron out the details. These concerns are vital to the legitimacy of Michigan elections, and warrant consideration by this Court.

8. The Michigan Republican Party's proposed *amicus curiae* brief was filed contemporaneous with this Motion.

9. The Michigan Republican Party further requests an opportunity to be heard during the Court's motion hearing, scheduled for May 7, 2020, at 3:00pm.

10. Pursuant to Local Rule 7.1, undersigned counsel sought concurrence in this motion to file an *amicus curiae* brief on the evening of May 6, 2020 via email.

11. Defendants' counsel indicated they do not oppose this Motion.

12. Plaintiff indicated that he consents to the filing of this Motion.

13. Intervenor's counsel indicated they do not oppose this Motion.

WHEREFORE, the Michigan Republican Party respectfully requests that this Court grant leave to file an *amicus curiae* brief, and accept the accompanying brief as filed.

    Respectfully submitted,

    By: /s/ Robert L. Avers
    Charles R. Spies (P83260)
    Robert L. Avers (P75396)
    Dickinson Wright PLLC
    *Attorney for Michigan Republican Party*

350 S. Main Street, Suite 300<br>
Ann Arbor, MI 48104<br>
(734) 623-1672<br>
ravers@dickinsonwright.com

Dated: May 7, 2020

# CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2020, I filed the foregoing was electronically filed with the Clerk of the Court using the ECF System; which will send notification to all counsel of record by CM/ECF.

/s/ Robert L. Avers<br>
Robert L. Avers

Dated:  May 7, 2020

5