UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ERIC ESSHAKI, as candidate for<br>United States Congress and in his<br>Individual capacity;<br>MATT SAVICH, as candidate for<br>the Forty-Seventh District Court,<br>Oakland County, Michigan and in<br>his individual capacity;<br>DEANA BEARD, as candidate for<br>The Third Circuit Court Judge,<br>Regular Term, Non-Incumbent<br>Position in Wayne County and in<br>her individual capacity. | Case No. 2:20-CV-10831-TGB<br><br>Hon. Terrence G. Berg |

       Plaintiffs,

v.

GRETCHEN WHITMER, Governor of Michigan,
JOCELYN BENSON, Secretary of State of Michigan,
And JONATHAN BRATER, Director of the Michigan
Bureau of Elections, in their official capacities,

       Defendants, joint and severable.

## PLAINTIFF'S RESPONSE TO DEFENDANTS PROPOSED ORDER

       NOW COMES, Deana Beard, for her response states as follows:

       Ms. Beard will not address the timeline of events, as she believes this does not aid in the process. However, she does appreciate this is a time sensitive issue.

       The Court of Appeals for the Sixth Circuit (hereinafter COA) indicated and confirmed this court's conclusion that the State (hereinafter Defendants) did violate the Plaintiff's Constitutional rights with strict compliance of the statutes during this time, creating a severe burden for the Plaintiff's. It also asserted that the Defendants have Constitutional rights. The COA indicated that this court applied the balancing of interests among the parties correctly. The

COA states that while they will not say the 50% reduction is right or wrong, the Defendant's <u>should use it as some guidance</u>. The COA did not say was the court based on the facts was wrong for concluding a 50% reduction, in fact, the court had reasons to do so, easing the severe burden placed on Plaintiffs. Ms. Beard (right or wrong) disagrees with the COA conclusion that a 50% reduction is re-writing the statute and extension of the deadline/e-signatures is not. Court's have the right to fashion remedies.

The Defendants, to date, still imply they did not violate any Constitutional rights ("State Defendants continue to believe that no reduction is warranted…"). It does not get any more serious than violation of Constitutional rights (other than death). Typically, in civil cases when a constitutional right is violated, there is monetary gain. Ms. Beard takes her constitutional rights seriously as an individual voter and as a candidate. Clearly, the COA and this court also take it seriously. Ms. Beard does question whether this is a reasonable remedy.

Please keep in mind, the Plaintiff's have had less than 24 hours to decide if this proposed remedy addresses the Constitutional violations by agreeing to the reduction. Ms. Beard appreciates the Defendants efforts to provide remedy but does not want this to tantamount to the 600lb gorilla (Defendants) telling them (Plaintiffs) this is the remedy without further information. Please keep in mind the COA indicated there must be a <u>reasonable remedy</u>.

The Defendants proposed a 30% reduction and extension of deadline by 3 days. The Defendants have indicated they did the math on the percentage of days missed. This is a good start. The math did not take in account that judicial candidates actually did not have that same time frame as discussed previously (using Defendants math judicial candidates had 108 less, not 53). The Defendants did not take in consideration of large events or weather as factors, which are actual proven factors when getting signatures. This was simply a math problem to them and not a

serious constitutional violation. Ms. Beard does appreciate there needs to be a global application. She also appreciates that it may be impossible to make her whole (i.e. give her a reduction that would have guaranteed on the ballot, which she would have had but for the events before us today). Ms. Beard also relies on all previous arguments made (written or oral) and detrimentally relied on the 50% reduction.

Ms. Beard in the interim of the order and the COA, took steps to address all remedies and detrimentally relied on the order. As Defendants counsel suggested "just start a Facebook campaign". Ms. Beard did so. To date, not one signature. People did contact her to indicating a show of support but were not willing to sign because it is "just too complicated to do". Ms. Beard fully anticipates the Defendants indicating this shows she is not popular enough. Ms. Beard would remind this court and the Defendants that she obtained 3557 signatures in 50 days. In two weeks, Ms. Beard following the Executive Order did not obtain another signature, 3 more days will not rectify the same position we are currently in. However, she is not opposed to others having the time to do so.

Ms. Beard will not violate an Executive Order to obtain signatures. This is counter-productive to run for a position (judge) to uphold the law and then violate the law to get the position. This would put Ms. Beard's integrity at issue. Not to mention having to answer to the State Bar of Michigan and the State for criminal charges.

Ms. Beard, in honesty, is struggling with the competing interests. On one hand, global application is going to the how this is handled. On the other, her own personal interests as a candidate that but for the circumstances would have been on the ballot. Now, frankly, it is a serious maybe. Additionally, Ms. Beard does not, nor do the others, want to be in litigation limbo.

The Defendants can inform the Plaintiffs of exactly where they stand today, i.e. the number of certified signatures. This would ease the burden of deciding this issue. <u>This would provide the Plaintiffs with the ability to make an informed decision</u>. The Defendants have had 17 days to get an answer to this question, which would ease the burden and allow Plaintiffs to make an informed decision. It should be noted that the 3 parties to this case have less than 6000 signatures to certify. This situation before the court equates to a divorce where the parties are attempting to divide retirement benefits. One party has the answer regarding the actual amount in the account and proposes a solution (take this amount without the benefit of the total, you will be happy). While the other party is left guessing/speculating whether this remedy is appropriate. If the party agrees to that remedy and their guess/speculation is wrong, then they are left with the final order for that issue. Thus, it is hard to make an informed decision without all the facts to consider.

Ms. Beard anticipates that Defendants will argue that providing them with the number of certified signatures gives them an edge over other candidates who do not know at this time. Ms. Beard vehemently disagrees. Other candidates still have the ability have the reduction and submit more signatures if they can get them. Let us not forget that those individuals could have sued, joined this case, and had input into the remedy for their rights being violated. They chose not to. Ultimately, they will reap the benefits of this lawsuit without being a party, i.e. reduction and extension.

WHEREFORE, Ms. Beard, requests that the Defendants inform the parties were they actually are at (certified signatures) thus allowing them to make an informed decision.

4

 In conjunction with and/or in the alternative, Ms. Beard requests this Honorable Court, provide relief requested in her original complaint. Attorney fees, costs, and any relief this court deems, necessary, reasonable, just, and proper.

               Respectfully submitted,

               /s/_____
               Deana Beard
               2885 S Trenton Dr.
               Trenton, MI 48183
               (734) 502-7411
               dbeard916@yahoo.com

Dated: May 7, 2020

Please note and accept Ms. Beard's apology, her scan broke. She submits this without actually signing this but hopes because of the time sensitive nature the court accepts this as if it is signed, she will file a signed copy with the court via. mail.

## Certificate of Service

I hereby certify that on May 7, 2020, I electronically filed the documents with the Clerk of Courts using ECF system/email, which will provide electronic copies to counsel of record.

               Respectfully submitted,

               /s/_____
               Deana Beard
               2885 S Trenton Dr.
               Trenton, MI 48183
               (734) 502-7411
               dbeard916@yahoo.com

Dated: May 7, 2020

Please note and accept Ms. Beard's apology, her scan broke. She submits this without actually signing this but hopes because of the time sensitive nature the court accepts this as if it is signed, she will file a signed copy with the court via. mail.