UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ERIC ESSHAKI**, <br><br> Plaintiff; <br><br> **MATT SAVICH**, **DEANA BEARD**, and **SHAKIRA HAWKINS**, <br><br> Plaintiff-Intervenors, <br><br> vs. <br><br> **GRETCHEN WHITMER**, Governor of Michigan; **JOCELYN BENSON**, Secretary of State of Michigan; and **JONATHAN BRATER**, Director of the Michigan Bureau of Elections, in their official capacities, <br><br> Defendants. | **2:20-CV-10831-TGB** <br><br><br> **ORDER DENYING MOTION TO INTERVENE** |

On July 27, 2020, Brenda K. Sanders filed a motion to intervene in this matter. ECF No. 65. Ms. Sanders is an independent candidate for United States Congress in Michigan's Thirteenth Congressional District. *Id.* Ms. Sanders seeks a place on the November 3, 2020 general election ballot. *Id.* Ms. Sanders contends that she suffered the same injury as the other Plaintiffs in this case and that intervention is warranted. *Id.*

Pursuant to Federal Rule of Civil Procedure 24(b)(1)(B), the Court has discretion to allow a party to intervene if that person "has a claim or defense that shares with the main action a common question of law or fact." Applying this rule to Ms. Sanders' proposed complaint, the Court finds that intervention would be inappropriate in this case for a number of reasons. First, unlike the Plaintiffs in this case, who sought to alter the requirements for the August 4th primary, Ms. Sanders "seeks the remedy of extending the filing deadline or decreasing the number of requisite signatures for the November 3, 2020 general election ballot." *Id.* at PageID.885. None of the other Plaintiffs in this case had filed claims seeking to alter requirements for the November 3rd general election.[1] Ms. Sanders' suit seeks a remedy different from that which was sought by all other Plaintiffs in this case. Second, an adjudication of Ms. Sanders' claims would require the Court to undergo a fact-intensive analysis of the burdens placed on Ms. Sanders by State action in the period between April 21, 2020 and July 16, 2020—a time period

---

[1] At least one other court in this district has analyzed the burdens placed on candidates seeking a place on the November general election ballot subject to the July 16, 2020 signature deadline. *See Kishore v. Whitmer*, No. 20-11605, 2020 WL 3819125 (E.D. Mich. July 8, 2020).

completely different from the time period that was at issue in the original case and which is irrelevant to the claims of all other Plaintiffs in this matter.  Thus, the claims of Ms. Sanders do not share the same issues of fact and law as the main action.

Moreover, allowing intervention would potentially delay the adjudication of the original parties' claims in this matter, many of which have been nearly resolved as a result of the Court's previous orders.  The Court therefore finds that intervention by Ms. Sanders should not be permitted.   Pursuant to Federal Rule of Civil Procedure 24(b)(1)(B) and (3), the motion to intervene (ECF No. 65) is **DENIED**.

 **IT IS SO ORDERED.**

 DATED this 30th day of July, 2020.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge