UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ERIC ESSHAKI**, <br><br> Plaintiff, <br><br> **MATT SAVICH**, **DEANA BEARD**, and **SHAKIRA HAWKINS**, <br><br> Plaintiff-Intervenors, <br><br> vs. <br><br> **GRETCHEN WHITMER, et al.,** <br><br> Defendants. | 2:20-CV-11067-TGB <br><br><br> **ORDER OF DISMISSAL** |

The plaintiff filed his complaint regarding the State of Michigan's ballot-access provisions on March 31, 2020. ECF No. 1. He and the plaintiff-intervenors sought declaratory and injunctive relief under 42 U.S.C. § 1983 that would allow them to appear on Michigan's August 4, 2020 primary ballot. *Id.* at PageID.3; ECF No. 11, PageID.175; ECF No. 47, PageID.704-05. They also sought attorney's fees under 42 U.S.C. § 1988. *Id.* As this litigation continued, the State adopted a series of accommodations regarding ballot access in light of the COVID-19 pandemic. *May 8, 2020 Special Announcement*, Mich. Sec'y of State, https://www.michigan.gov/sos/0,4670,7-127--526366--,00.html. The August 4, 2020 primary subsequently went ahead as scheduled.

1

This Court issued a show-cause order inviting parties to explain prior to August 24, 2020 why this case should not be dismissed as moot, given that the focus of their request for relief was the primary election, and that election has now passed. As of August 31, 2020, this Court has not received any response from Plaintiff Esshaki. Plaintiff-Intervenors Savich and Hawkins state that dismissal is appropriate as long as it is without prejudice to their right to seek attorney's fees under 42 U.S.C. § 1988. ECF Nos. 69, 70.

Prevailing parties in an action under 42 U.S.C. 1983 can recover attorney's fees. 42 U.S.C. § 1988(b). A party receiving "at least some relief on the merits of his claim" qualifies as a prevailing party. *Farrar v. Hobby*, 506 U.S. 103, 111 (1992). The relief secured must "directly benefit" the plaintiff at the time of the judgment, generally by requiring the defendant to modify their behavior to the plaintiff's benefit. *Id.*

Here, this Court granted a preliminary injunction that prevented the State from enforcing its ballot-access provisions against the plaintiff and plaintiff-intervenors. ECF No. 23. This allowed them to eventually appear on the ballot, which was the ultimate benefit they sought. This preliminary injunction was upheld on appeal by the Sixth Circuit. ECF No. 45, PageID.663; ECF No. 64, PageID.880. The plaintiff-intervenors may therefore be able to qualify as "prevailing parties" under 42 U.S.C. 1988 and are eligible to apply for attorney's fees.

**WHEREFORE**, it is **HEREBY ORDERED** that the case be **DISMISSED** with prejudice regarding all claims except those for attorney's fees. The Court retains jurisdiction solely for the purposes of these claims, and parties who wish to file requests for attorney's fees have 14 days to do so. Fed. R. Civ. P. 54(d)(2)(B)(i).

SO ORDERED, this 2nd day of September, 2020.

                    BY THE COURT:

                    s/Terrence G. Berg
                    TERRENCE G. BERG
                    UNITED STATES DISTRICT JUDGE